UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHRISTINE LYNNE DENLEY,**

**Plaintiff,**

**v.** **Case No. 6:25-cv-1032-CEM-RMN**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**
_________________________________/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Complaint (Doc. 1). Plaintiff seeks judicial review of the final administrative decision of the Commissioner of Social Security denying her claim for disability insurance benefits under Title II of the Social Security Act. The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 23), recommending that the Commissioner's final decision be affirmed. (*Id.* at 6). Plaintiff filed an Objection (Doc. 24), and the Commissioner did not file a Response.

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's R&R concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration

of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff objects to the Magistrate Judge's finding that the Administrative Law Judge ("ALJ") properly evaluated the medical opinion of Dr. Guarnaccia. (Doc. 24 at 1). The ALJ found Dr. Guarnaccia's opinion unpersuasive and noted that the opinion was contradicted by Dr. Guarnaccia's examination of Plaintiff and inconsistent with other medical evidence in the record. (Administrative Record, Doc. 11-2, at 25). Plaintiff argues that the ALJ mischaracterized evidence by failing to address Dr. Guarnaccia's examination notes that supported his opinion. (Doc. 24 at 3).

Generally, "[a] clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Packer v. Comm'r, Soc. Sec. Admin.*, 542 F. App'x 890, 891 (11th Cir. 2013) (quotation omitted). Although "the ALJ is required to state the weight afforded to each medical opinion, the ALJ is not required to discuss every piece of evidence." *Lewen v. Comm'r of Soc. Sec.*, 605 F. App'x 967, 969 (11th Cir. 2015). Here, the ALJ did not address every aspect of Dr. Guarnaccia's examination notes, but nonetheless the ALJ's determination regarding Dr. Guarnaccia's credibility is supported by

substantial evidence. *See Callahan v. Comm'r of Soc. Sec.*, No. 22-12701, 2023 U.S. App. LEXIS 13403, at *3–4 (11th Cir. May 31, 2023) (explaining that an ALJ "did not err in failing to explicitly discuss [certain] evidence in her analysis of [a physician's] opinion as an ALJ is not required to discuss every piece of evidence"); *see also Martinez v. Acting Comm'r of Soc. Sec.*, 660 F. App'x 787, 794 (11th Cir. 2016) (concluding that an ALJ did not err in giving little weight to a physician's opinion where it was inconsistent with the overall record).

The Court has reviewed and considered Plaintiff's Objection to the R&R on a *de novo* basis and finds it lacks merit. Therefore, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Magistrate Judge's recommended disposition is accepted and the R&R is incorporated herein by reference. *See Williams v. Omega Labs. Inc.*, 2026 WL 1847300, at *2 (11th Cir. June 26, 2026) (holding that a district court need not "restate what was already detailed" by the Magistrate Judge and adopted into the order).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objection (Doc. 24) is **OVERRULED**.
2. The Report and Recommendation (Doc. 23) is **ADOPTED** and made a part of this Order.
3. The Commissioner's final decision is **AFFIRMED**.

4. The Clerk is directed to enter judgment in favor of the Commissioner and against Plaintiff.
5. Thereafter, the Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on September 24, 2026.

CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record